UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAMOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOS MOLCAJETES TAQUERIA, INC., et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-00490-DAD-JDP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT<br><br>(Doc. No. 6) |

This matter is before the court on the motion to dismiss or for a more definite statement filed by defendants Los Molcajetes Taqueria, Inc. and Alejandro T. Martinez on April 1, 2024. (Doc. No. 6.) On April 29, 2024, the pending motion was taken under submission on the papers. (Doc. No. 17.) For the reasons explained below, the court will deny defendants' motion to dismiss or for a more definite statement.

**BACKGROUND**

On February 16, 2024, plaintiff Oscar Ramos filed the complaint initiating this disability discrimination action against defendants Los Molcajetes Taqueria, Inc. and Alejandro T. Martinez. (Doc. No. 1.) In his complaint, plaintiff alleges the following.

Plaintiff is a physically handicapped individual residing in Fairfield, California. (*Id.* at ¶¶ 6, 14.) Plaintiff requires a wheelchair to move around. (*Id.* at ¶ 6.) Defendants owned,

1

1  operated, and possessed a business called Los Molcajetes Taqueria located in Fairfield, California
2  ("the Subject Business").  (*Id.* at ¶ 8.)  The Subject Business provides services to the public, such
3  as selling food and drink.  (*Id.* at ¶¶ 3, 12.)
4        Plaintiff lives approximately two miles away from the Subject Business and visited it on
5  February 6, 2024.  (*Id.* at ¶¶ 11, 12.)  He encountered multiple architectural barriers that denied
6  him legal handicapped access to the Subject Business.  (*Id.* at ¶ 13.)  For example, the Subject
7  Business had a disabled parking space with incomplete signage and no access aisle from the
8  parking space to the entrance of the Subject Business, making it difficult for plaintiff to find a
9  safe place to park and reach the entrance.  (*Id.* at ¶ 4.)  There were multiple physical defects in the
10 bathroom of the Subject Business including physical barriers that made it difficult for plaintiff to
11 approach the sink and to use the toilet.  (*Id.* at ¶ 4.)  The seating and service counters were not
12 built in a way to allow him access while staying in his wheelchair.  (*Id.* at ¶ 4.)    Plaintiff
13 contends that these barriers caused him to "suffer[] violations of his civil rights to full and equal
14 enjoyment of goods, services, facilities[,] and privileges," and that he "has suffered and will
15 suffer embarrassment and humiliation."  (*Id.* at ¶ 5.)  He alleges that he is deterred from visiting
16 the Subject Business as a result of his experience and that he "plans to return to the Business
17 when this public accommodation is made accessible."  (*Id.* at ¶¶ 5, 14.)
18       Plaintiff asserts the following claims against both defendants:  (1) disability discrimination
19 in violation of the Americans with Disabilities Act ("ADA") Title III, 42 U.S.C. § 12182; (2)
20 breach of statutory protections for persons with physical disabilities under  California Health &
21 Safety Code § 19955; (3) violation of civil rights under California Civil Code §§ 54, 54.1, and
22 54.3; and (4) disability discrimination in violation of California's Unruh Civil Rights Act ("the
23 Unruh Act"), California Civil Code §§ 51, *et seq.*  (Doc. No. 1 at 8–22.)  Plaintiff brings this
24 action seeking injunctive relief to "establish a nondiscriminatory criteria policy, practice[,] and
25 procedure permitting entry into the [S]ubject Business" and to compel defendants to "repair and
26 render safe to disabled persons, and otherwise make accessible, all public areas of the Business'
27 store . . . ."  (*Id.* at 22.)  Plaintiff also seeks statutory damages under California Civil Code § 52 or
28 /////

2

the Unruh Act but did not indicate specifically which statute he was pursuing damages under in his complaint. (*Id.* at 22.)

On April 1, 2024, defendants filed the pending motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. No. 6.) On April 3, 2024, plaintiff filed an opposition to the pending motion, and on May 6, 2024, defendants filed their reply thereto. (Doc. Nos. 7, 18.)

## LEGAL STANDARD

### A.   Rule 12(b)(1) – Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions." *Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program*, 443 F. Supp. 3d 1152, 1156 (E.D. Cal. 2020) (citing *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994)), *aff'd*, 997 F.3d 848 (9th Cir. 2021). Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (internal citations omitted). Subject matter jurisdiction is required; it cannot be forfeited or waived. *Howard Jarvis Taxpayers Ass'n*, 443 F. Supp. 3d at 1156. Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may "challenge a federal court's jurisdiction over the subject matter of the complaint." *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. 3:13-cv-03627-JSC, 2014 WL 280391, at *1 (N.D. Cal. Jan. 24, 2014). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). The court construes defendants' argument to be that the allegations in plaintiff's complaint, even if assumed to be true, are insufficient to invoke federal jurisdiction over plaintiff's claims. (*See* Doc. No. 6-2.) Defendants
/////

therefore mount a facial attack arguing that the allegations of plaintiff's complaint are insufficient on their face to invoke federal jurisdiction.[1]

A party making a facial attack does not submit supporting evidence with the motion because jurisdiction is challenged based solely on the pleadings. *Howard Jarvis Taxpayers Ass'n*, 443 F. Supp. 3d at 1156; *see also Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1084 (N.D. Cal. 2019) ("[C]ourts do not consider evidence outside the pleadings when deciding a facial attack.") (citation omitted). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). The court need not, however, assume the truth of legal conclusions cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

A challenge to Article III standing is appropriately raised in a motion to dismiss brought pursuant to Rule 12(b)(1) because Article III standing is a jurisdictional issue, "deriving from the requirement of a case or controversy under Article III." *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.,* 528 U.S. 167, 180 (2002)).

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). To satisfy the case or controversy requirement, a plaintiff must show that he has suffered an injury-in-fact that is

---

[1] Defendants have attached a declaration in support of their motion to dismiss listing the other cases that plaintiff Ramos has brought against several Mexican restaurants located close to his home address. (Doc. No. 6-3.) However, plaintiff specifically alleged in his complaint that he has filed 12 such actions against Mexican restaurants located close to his home. (*See* Doc. Nos. 1 at ¶ 70; 6-3.) Accordingly, the court declines to treat defendants' motion as a factual attack. *See Nat'l Educ. Ass'n v. DeVos*, 345 F. Supp. 3d 1127, 1138 n.20 (N.D. Cal. 2018) (finding that where the movant did not argue that any of the allegations in the complaint are untrue, the motion is not a factual attack).

concrete and particularized; that the injury is traceable to the challenged action of the defendant; and that the injury is likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "To confer standing, an injury in fact must be concrete, particularized, and actual or imminent, not hypothetical." *Langer v. Kiser*, 57 F.4th 1085, 1092 (9th Cir. 2023) (citing *Lujan*, 504 U.S. at 561).

**B.      Rule 12(e) — More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). "The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail." *U.S. EEOC v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. Feb. 6, 2012).

A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1123, 1130 (E.D. Cal. 2009). A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). This liberal standard of pleading is consistent with Federal Rule of Civil Procedure 8(a) which allows pleadings that contain a "short and plain statement of the claim." *Id.*

## ANALYSIS

In their pending motion, defendants argue that plaintiff's complaint should be dismissed because this court lacks subject matter jurisdiction over plaintiff's ADA claim due to plaintiff's

5

failure to adequately allege standing under the ADA.  (Doc. No. 6-2 at 6.)  Separately, defendants argue that plaintiff's complaint should be amended to include several details that may have been required under California law.  (*Id.* at 12–13.)  The court will address these two issues in turn.

**A.     Standing Under the ADA**

To demonstrate standing, plaintiff must allege "that he has suffered an injury-in-fact, that the injury is traceable to the [defendants'] actions, and that the injury can be redressed by a favorable decision."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).  Because the ADA only makes injunctive relief available to private plaintiffs, plaintiff must also adequately allege "a 'real and immediate threat of repeated injury' in the future." *Id.* (citation omitted).  This element can be satisfied by plaintiff adequately alleging either that he is deterred from returning to the Subject Business or that he has an intent to return to the Subject Business where he has previously encountered a "barrier" which affects his full and equal enjoyment of the Subject Business because of his disability.  *Id.* at 944, 947.

"[Plaintiff] lacks standing if he is indifferent to returning to the store or if alleged intent to return is not genuine . . . ." *Id.* at 953.  When alleging an intent to return, a plaintiff cannot merely provide a "generalized intent to return" to satisfy the real and immediate threat of repeated injury requirement, but instead must provide some concrete detail that shows a genuine intent to return.  *Strojnik v. Hotel Circle GL Holdings, LLC*, No 1:19-cv-01194-DAD-EPG, 2019 WL 6212084, at *4 (E.D. Cal. Nov. 21, 2019) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)).  In the past in evaluating whether a plaintiff has alleged a genuine intent to return to the Subject Business, "courts have examined factors such as (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Id.* (quoting *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005)).  However, the Ninth Circuit has since held that this multi-factor test is inappropriate to "measure the legitimacy of a plaintiff's intent to return" in light of the fact that some plaintiffs bring claims as a "tester" attempting "to identify potential ADA violations."  *Langer*, 57 F.4th at 1096 (reaffirming *Civil Rights Educ. and Enforcement Props. Trust v. Hospitality Props. Trust*

6

("*CREEC*"), 867 F.3d 1093 (9th Cir. 2017) in recognizing "tester standing"). While not an outright prohibition on credibility determinations of whether a plaintiff has a genuine intent to return to a Subject Business, the Ninth Circuit's opinion in *Langer* is a reminder that "[c]ourts must 'take a broad view' of standing in civil rights cases, particularly in the ADA context where private enforcement is 'the primary method' of securing compliance with the act's mandate." *Id.* at 1099 (quoting *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008)).

In their pending motion to dismiss, defendants argue only that plaintiff has failed to allege sufficient facts in support of a genuine intent to return. (Doc. No. 6-2 at 6.) They first argue that the Subject Business is two miles away from plaintiff's address and is thus not in close proximity. (*Id.* at 6–7.) In particular, defendants contend that there are several Mexican restaurants that provide similar services to them which are closer to plaintiff's home.[2] (*Id.*) However, plaintiff has alleged that the Subject Business is only two miles from his residence. (Doc. No. 1 at ¶ 14.) This relatively close distance tilts in favor of the plaintiff in considering this factor. *See Johnson v. Overlook at Blue Ravine, LLC*, No. 2:10-cv-02387-JAM-DAD, 2012 WL 2993890, at *3 (E.D. Cal. July 20, 2012) (finding that a distance of 15 miles was "relatively close"); *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1106–07 (N.D. Cal. 2017) (finding in the summary judgment context that a distance of less than 10 miles to a business and a statement that the plaintiff wished to return to that business was sufficient to establish intent to return); *cf. Feezor v. Sears, Roebuck and Co.*, No. 10-cv-00908-KJM-CMK, 2012 WL 4510950, at *5 (E.D. Cal. Sept. 30, 2012) (finding that living three-and-a-half hours away from a business weighed against the plaintiff); *Johnson v. DTBA, LLC*, 424 F. Supp. 3d 657, 663–64 (N.D. Cal. 2019) (finding that a distance of 130 miles weighed against the plaintiff). Defendants argue that two miles is a significant distance for an individual in a wheelchair to traverse, however plaintiff has alleged in his complaint that he travels by car. (Doc. No. 1 at ¶ 4.) Plaintiff's allegations regarding the

---

[2] Plaintiff objects to defendants' use of extrinsic evidence in their facial attack on his complaint. (See Doc. No. 6 at 4.) Indeed, courts do not consider extrinsic evidence in ruling on facial attacks brought pursuant to Federal Rule of Civil Procedure 12(b)(1). *Johnson v. DTBA, LLC*, 424 F. Supp. 3d 657, 662 (N.D. Cal. 2019). The court notes that even were it to consider defendants' extrinsic evidence, the pending motion would still be denied for the reasons discussed herein.

1  close proximity of the Subject Business to plaintiff's address by car supports his intent to return
2  to the Subject Business.
3     Defendants then contend that plaintiff has alleged that he has only visited their business
4  on one occasion, which indicates that he was not likely to return.  (*See* Doc. No. 6-2 at 8.)  While
5  plaintiff admits that he has only visited the Subject Business once, he argues that a lack of prior
6  patronage is not a categorical barrier to having a genuine intent to return or being deterred from
7  returning again.  (Doc. No. 7 at 5–6.)  Plaintiff has alleged that he travels regularly through
8  Fairfield on business, in part because he lives there, and wishes to "return to the [Subject]
9  Business when this public accommodation is made accessible." (Doc. No. 1 at ¶ 14.)  While
10 allegations regarding a series of prior visits can provide support for an intent to return, the law
11 does not require a handicapped person to be confronted with barriers several times to evince such
12 an intent.  *See Whitaker v. Ramon Bravo, Inc.*, No. 21-cv-03714-JCS, 2021 WL 4133871, at *4
13 (N.D. Cal. Sept. 10, 2021) (finding that an expressed desire to return once barriers are removed
14 combined with an opportunity to do so made plaintiff's injury imminent).  "At the pleading stage,
15 [plaintiff] is not required to 'demonstrate' his allegations in his Complaint; they need only be
16 plausible on their face."  *Whitaker*, No. 21-cv-03714-JCS, at *4 (quoting *Skaff v. Meridien N. Am.*
17 *Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir. 2007).  "There is no bona fide customer
18 requirement to bring an ADA claim."  *Langer*, 57 F.4th at 1096 (quoting *CREEC*, 867 F.3d at
19 1102).
20    Defendants also argue that plaintiff is a frequent traveler and serial litigant, suggesting
21 that plaintiff visited their store only for the purpose of bringing a claim under Title III of the
22 ADA.  (*See* Doc. No. 6-2 at 9–10.)  "The attempted use of past litigation to prevent a litigant from
23 pursuing a valid claim in federal court warrants our most careful scrutiny."  *D'Lil v. Best W.*
24 *Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008).  The Ninth Circuit has explicitly
25 allowed "tester standing" where a plaintiff visits businesses for the explicit purpose of finding
26 potential violations, as the ADA provides that "'*any person* who is being subjected to
27 discrimination on the basis of disability' may bring suit . . . ." *CREEC*, 867 F.3d at 1102 (quoting
28 42 U.S.C.A. § 12188).  The court cannot and will not draw "adverse credibility determinations"

based on plaintiff's stance as a past litigator. *Langer*, 57 F.4th at 1099. Defendants' argument in this regard is particularly unpersuasive in light of the fact that plaintiff has alleged that he lives only two miles from the Subject Business and does not need to travel far to return to it.

Lastly, defendants argue that plaintiff's plan to return is too indefinite to provide standing and that he must provide a concrete plan to return. (Doc. No. 6-2 at 10–11.) Defendants misunderstand Ninth Circuit precedent. In the Ninth Circuit's decision in *Chapman*, the court clarified that a plaintiff under the ADA can establish a future injury by showing either that they are currently deterred because of a barrier or that they were previously deterred and intend to return. *Chapman*, 613 F.3d at 944. Here, plaintiff alleges in his complaint that he was "denied . . . legal handicapped access" when he visited the Subject Business, that he "plans to return to the [Subject] Business when this public accommodation is made accessible," and that the barriers "continue to deter [him] from visiting said facilities . . . ." (Doc. No. 1 at ¶¶ 5, 13, 14.) These allegations are sufficient to allege a concrete future injury under the Ninth Circuit's decision in *Chapman*. *See, e.g., Whitaker v. Panama Joes Invs.*, 840 Fed. App'x. 961, 963–64 (9th Cir. 2021) (holding that the plaintiff had alleged a concrete injury-in-fact by alleging that he encountered a discriminatory barrier, was deterred from visiting the defendant's business, and intended to do so).[3]

Therefore, plaintiff has alleged sufficient facts to gain standing under the ADA and can assert his ADA claim in federal court pursuant to 28 U.S.C. § 1331.

**B.  Supplemental Jurisdiction**

Plaintiff's remaining claims arise from the same visit to the Subject Business and the same barriers that were encountered there. (*See* Doc. No. 1.) The court therefore finds that the claims derive from a "common nucleus of operative fact" and that this court has supplemental jurisdiction over plaintiff's remaining claims. *See Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (exercising supplemental jurisdiction where the remaining claims were "derive[d] from a common nucleus of operative fact" and of the nature which "a plaintiff would ordinarily

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

be expected to try them in one judicial proceeding."); *see also Doran v. Del Taco, Inc.*, No. 04-cv-00046-CJC-ANX, 2005 WL 3478120, at *1 (C.D. Cal. 2005) (retaining supplemental jurisdiction over state law claims related to an ADA claim).

**C.     More Definite Statement**

In the alternative to their motion to dismiss, defendants also bring a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  Defendants argue that plaintiff should have been required to include details that may have been required under California law.  (Doc. No. 6-2 at 12–13.)  The court finds that the requisite details are present within plaintiff's complaint.  (*See* Doc. Nos. 1 at ¶¶ 4, 5, 70; 7 at 3–4.)  "A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, *i.e.*, so vague that the defendant cannot begin to frame a response."  *C.B.*, 691 F. Supp. 2d at 1191.  That is not the case here, and the court therefore will deny defendants' motion for a more definite statement.

**CONCLUSION**

For the reasons stated above:

1. Defendants' motion to dismiss (Doc. No. 6) is denied;
2. Defendants' motion for a more definite statement (Doc. No. 6) is denied;
3. Defendants shall file an answer responding to the claims in this action no later than twenty-one (21) days after the date of entry of this order; and
4. The parties shall file a joint status report regarding scheduling no later than fourteen (14) days after the entry of this order.

IT IS SO ORDERED.

Dated:  **October 14, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE