```
RICHARD MAC BRIDE, SB# 199695
LAW OFFICES OF RICHARD A. MAC BRIDE
855 Marina Bay Parkway, Suite 210
RICHMOND, CA 94804
Phone 415-730-6289
Attorney for Plaintiff Oscar Ramos
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Oscar Ramos,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Los Molcajetes Taqueria Inc., Alejandro T. Martinez; and Does 1 to 50 inclusive,<br><br>　　　　　Defendants. | Case Number 24-0490 DAD-JDP<br><br>NOTICE OF MOTION AND MOTION OF PLAINTIFF TO COMPEL ANSWERS TO WRITTEN DISCOVERY<br><br>Hon. Peterson<br>Date: 12/11/25<br>Time: 10 am<br>Place: Zoom |

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN THAT PURSUANT TO LOCAL RULE, and pursuant to Docket #40, plaintiff hereby moves for an order to compel answers to written discovery.

## INTRODUCTION

1. This is a case filed under the Americans with Disabilities Act, and California accessibility statutes, against a restaurant called Los Molcajetes Taqueria, located at 1661 North Texas Street, Fairfield, California. Plaintiff's Complaint was originally filed on February 16, 2024.

2. Defendants filed a motion to dismiss on April 1, 2024. (Docket #6.) The motion was denied on October 15, 2024. (Docket #22.) Defendants filed their answer on November 5, 2025. (Docket #25.)

3. The Court issued a Scheduling Order on October 21, 2024 (Docket #24). There, the Court ordered that fact discovery be completed by July 30, 2025. The Court's Order at page 3, line 15 and the related footnote indicated that depositions must be taken by July 30, 2025, and discovery disputes resolved before that date. The Court later modified these dates and extended the discovery deadline to April 21, 2026.[1]

4. On June 21, 2025, plaintiff propounded written discovery to defendants – Requests for Admissions, Special Interrogatories, and Requests for Documents. The answers to this written discovery were due on or before July 26, 2025, that is, before the original discovery deadline of July 30, 2025. Defendants have not answered the discovery, and defense counsel has stated in an email to plaintiff's counsel that he refuses to answer the discovery.

5. On June 21, 2025, plaintiff's counsel proposed to defense counsel to stipulate to postpone the discovery deadline, so as to avoid the need for a motion. Defense counsel did answer. Now that Judge Drozd has postponed the deadline, this is no longer an immediate issue.

6. Pursuant to the Court's procedures for discovery disputes, before filing a motion to compel answers to discovery, plaintiff arranged for a pre-discovery motion conference before Judge Peterson for August 14, 2025. (See Docket #29.) The Court ordered that briefs be filed. (Docket #29.) Plaintiff duly filed his brief. (Docket #30.) Defendants filed two briefs. (Docket #30 and 31.) Therefore, defendants were well aware of the hearing. However, defense counsel did not appear at the hearing on August 14, 2025. (See Docket #33, and Docket #34, Order to Show Cause.) Judge Peterson issued and OSC and reset the hearing for August 28, 2025. (Docket #34.)

7. Defense counsel Smith filed a response to the OSC, in which he explained his failure to appear by saying that he overslept. (Docket #35.) Attorney Smith then failed to appear at the reset hearing on August 28, 2025. (See Docket #36.) It is clear that defense counsel Smith believes that he can flout the rules and orders of this Court.

8. Defense counsel Smith attended the hearing before Judge Drozd on October 6, 2025. The issue of the un-answered discovery was extensively discussed. Therefore, Mr. Smith is well aware that plaintiff is expecting the answers. Plaintiff has allowed three weeks to pass in case Mr.

---

[1] At the hearing on October 6, 2025 before Judge Drozd. See Docket #40 for a complete listing of all modified dates. Judge Drozd stated there: "Plaintiff is instructed to re-notice or re-file its motion to compel answers to discovery before the assigned magistrate judge." Hence this motion.

MOTION – 24-0490 DAD-JDP

Smith needed more time to confer with his clients. Plaintiff's counsel sent Mr. Smith two emails, one on October 6 and one on October 24, 2025, warning him that plaintiff's counsel would file the motion to compel if he did not answer by October 27, 2025. As is usual for Mr. Smith, he has not answered in any way.

9. Plaintiff wishes to mention another procedural matter that is an example of defendants' refusal to participate in good faith and follow the Court's rules. On May 27, 2025, plaintiff and defendants agreed to participate in a judicial settlement conference. (See Docket #26.) Since that time, the VDR Department has proposed dates for a judicial mediation. From among those dates, plaintiff and his counsel have proposed some of the dates, which they are able attend, to defense counsel. However, thus far, as of the date of this writing, defense counsel has not agreed to any of those dates, but rather has counter-proposed a date that plaintiff's counsel had already informed him is not available for plaintiff and his counsel. It appears to plaintiff that defendants do not in fact truly intend to participate in the VDR process. Plaintiff continues to be willing to participate.

## MOTION

10. With this motion, Plaintiff requests that the Court issue an order to defendants to answer the written discovery propounded by plaintiff, which answers were due before the original discovery deadline. Pursuant to the Judge's Standing Order, page 1, line 28, plaintiff submits the motion for decision without oral argument.

## GOOD CAUSE EXISTS TO COMPEL DISCOVERY AND TO EXTEND THE DEADLINE

11. The Court has the inherent power to effectively manage litigation and ensure the just and prompt disposition of cases. (FRCP Rule 6(b)(1)(A): "*In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time, (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.")

12. Good cause exists to compel defendants to answer the written discovery. Defendants were supposed to answer before July 26, 2025, that is, before the original discovery cutoff deadline.

The answers to discovery will be important as part of the basis for plaintiff's motion for summary judgment. Plaintiff's expert found numerous barriers to disabled access at the subject business. These barriers have not been remedied. A motion for summary judgment will save the Court the time of conducting a trial. It is in the Court's interest to grant this extension, which is the first such extension that is being requested.

13. The site inspection only took place on April 17, 2025. Plaintiff's expert, Roberto Cortez, a license civil engineer and CASp, was in attendance, along with plaintiff's counsel, who witnessed the inspection. Roberto Cortez produced a written report on April 27, 2025. He found non-compliant conditions in the parking, the path of travel from the parking, the dining seating, and the restroom as of April 17, 2025.

14. Plaintiff anticipates that plaintiff's expert's evidence of non-compliance, together with defendants' answers to the written discovery, and along with the anticipated testimony in the depositions of the defendants (to be noticed after receiving the answers to written discovery), will form the basis for a motion for summary judgment. If that motion is successful, it will obviate the need for a trial, and will save the Court considerable time. Conversely, if defendants continue to refuse to answer the written discovery, plaintiff anticipate a motion for sanctions, up to and including terminating sanctions.

Respectfully submitted, and under penalty of perjury regarding the positive assertions made,

Dated: October 27, 2025                    Law Offices of Richard A. Mac Bride

                                           By:    /s/ Richard A. Mac Bride
                                                  Richard A. Mac Bride
                                           Attorney for Plaintiff